UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RON KERN** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **MEADWESTVACO CORPORATION AND/OR MWV SPECIALTY CHEMICALS CORPORATION A/K/A INGEVITY COMPANY, WESTROCK COMPANY LLC A/K/A WESTROCK COMPANY, AND/OR ROCKTENN COMPANY, L.L.C.** | **MAG.:** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Ingevity Corporation ("Ingevity") and WestRock CP, LLC ("WestRock"), Defendants, through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove the matter entitled *Ron Kern v. Meadwestvaco, et al*, Docket Number 2015-0739-B pending in the 36th Judicial District Court for the Parish of Beauregard, Louisiana, to the United States District Court for the Western District of Louisiana, Lake Charles Division, and represent that:

1. Ron Kern ("Plaintiff") commenced the captioned action by filing a Petition for Damages (the "Petition") in the 36th Judicial District Court for the Parish of Beauregard, Louisiana on September 3, 2015.

2. The Petition and Citation directed to Ingevity were served on Ingevity, through its agent for service of process, on October 30, 2015. (*See* service receipt included with state court record attached hereto as Exhibit "A").

1

3. The Petition and Citation directed to WestRock were served on WestRock, through its agent for service of process, on October 30, 2015. (*See* service receipt included with state court record attached hereto as Exhibit "A").

4. This Notice of Removal is filed within 30 days of service and receipt of the Petition and Citation, and is therefore timely under 28 U.S.C. section 1446(b).

5. Venue is proper in this District for the removal pursuant to 28 U.S.C. § 1446(a).

6. A copy of all process, pleadings, and orders served on Ingevity and WestRock in the state court action is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

7. In his Petition, Plaintiff avers that he is domiciled in the Parish of Vernon, State of Louisiana. (Petition at Introductory Paragraph).

8. Plaintiff also avers that Defendants are "foreign companies." (Petition, ¶ 1).

9. In fact, Ingevity is organized under the laws of Delaware with its principal place of business in South Carolina, and WestRock is organized under the laws of Delaware with its principal place of business in Georgia.

10. Plaintiff alleges that while employed by Defendants as a chemist at Defendants' facility in the Parish of Beauregard, State of Louisiana, he "contracted a severe case of shingles, such that he could temporarily not perform the duties of his job." (Petition, ¶¶ 1-3).

11. Plaintiff alleges that he remained an employee of Defendants and received short-term disability payments pursuant to a short-term disability policy issued through his employment with Defendants. (Petition ¶ 4).

12. Plaintiff alleges that Defendants informed him that "his employment would terminate on October 10, 2014, which coincided with the exhaustion of his short-term disability insurance policy payments; the defendant refused to make inquiries as to whether and when, or

under what conditions your petitioner could return to work on a full time basis, and even refused to make any effort to obtain from your petitioner or his physician any details as to when and under what circumstances he could return to work." (Petition ¶ 6).

13. Plaintiff further alleges that he "submitted applications to Defendants for the previous job which he had performed," but Defendants did not consider him for employment due to the following: (1) Defendants regarding Plaintiff as having an impairment due to shingles; (2) age discrimination; or (3) retaliation for having filed with the Equal Employment Opportunity Commission. (Petition, ¶¶ 12-13).

14. Plaintiff alleges, in the alternative, that Defendants "refused to accommodate him in 2014, and subsequently refused to consider him from [SIC] employment in response to the applications he submitted beginning in December 2014 and continuing into 2015...on the basis of age, as the defendant has a documented record of age discrimination, replacing older workers with younger workers whenever the opportunity was presented to do so, regardless of the qualifications of the person more than 40 years of age, and his or her ability to perform his job satisfactorily." (Petition ¶ 14).

15. Defendants do not admit the underlying facts as alleged by Plaintiff or as summarized above. Further, Defendants expressly deny that they have any liability to Plaintiff.

16. Plaintiff has alleged claims based on federal law and this court has federal question jurisdiction pursuant to 28 USC 1331 and any applicable law. (Petition ¶¶ 13 – 19).

17. Alternatively, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

18. There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Louisiana (Petition, at Introduction). Ingevity, on the other hand, is organized under the laws of Delaware with its principal place of business in South Carolina, and WestRock is organized under the laws of Delaware with its principal place of business in Georgia.

19. Louisiana generally disallows any reference to monetary damages in a Petition asserting tort claims. *See* Louisiana Civil Code of Procedure article 893(A)(1). Nonetheless, the article states that "if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required." *Id.*

20. Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

21. The removing defendant may satisfy this burden by showing that it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335.

22. While Plaintiff does not expressly plead an amount of money damages sought, the allegations clearly support a finding that the amount in controversy exceeds $75,000.00.

23. The Petition provides that Plaintiff is seeking damages, including but not limited to, back pay, front pay, loss of benefits, loss of additional retirement, mental pain and aguish, increased anxiety and stress, increased disability and aggravation to his underlying medical condition, and emotional stress. (Petition ¶ 19).

24. Plaintiff's Petition includes a demand for a trial by jury, which requires that Plaintiff's claim must exceed $50,000 exclusive of interest and costs. *See* Louisiana Civil Code of Procedure Article 1732(A)(1).

25. Plaintiff's Petition fails to negate that the amount in controversy is less than $75,000.00 as allowed by La. C.C.P. art 893(A)(1) in order to avoid federal jurisdiction under at the time of removal. Moreover, because plaintiffs in Louisiana are not limited to recovery of damages requested in their pleadings, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. Plaintiff did not file such a binding stipulation or affidavit with his Petition.

26. For these reasons, Defendants submit that the amount in controversy requirements have been satisfied and that Plaintiff has the burden to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *See Also Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993).

27. A copy of this Notice of Removal is being served upon Plaintiff.

28. A copy of the Notice to the Clerk of Court for the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, which has been filed in that Court, is attached hereto as Exhibit "B".

29. A copy of the state court petition is attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

5

30. Defendants will file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

31. Defendants reserve and maintain their rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendants, Ingevity Corporation and WestRock CP, LLC, hereby provide notice that this action is duly removed.

Respectfully submitted:

/s/ K. Joseph Saloom, IV
**PATRICK M. WARTELLE (#14484)**
**K. JOSEPH SALOOM, IV (#35996)**
Leake & Andersson, L.L.P.
600 Jefferson Street, Suite 603
P.O. Drawer Z
Lafayette, LA 70501
Tel: 337-233-7430
Fax: 337-233-8403
Emails: pwartelle@leakeandersson.com
jsaloom@leakeandersson.com

**GEORGE D. FAGAN (#14260)**
Leake & Andersson, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Tel: 504-585-7500
Fax: 504-585-7775
Email: gfagan@leakeandersson.com

*Counsel for Defendants, Ingevity Corporation and WestRock CP, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, or by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by hand delivery, or by e-mail or by facsimile transmission, on **November 13, 2015**.

/s/ K. Joseph Saloom, IV

42183 / 167