# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RON KERN | : | DOCKET NO. 15-cv-2694 |
| VERSUS | : | MAGISTRATE JUDGE KAY |
| INGEVITY CORP.<br>f/k/a MWV SPECIALTY CHEMICALS CO. | : | |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 55] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by Ingevity Corp., formerly known as MWV Specialty Chemicals Co. ("MWV," "defendant"), the sole remaining defendant in this action. The plaintiff, Ron Kern, opposes the motion. Doc. 74. The defendant's Motion for Oral Argument [doc. 64] was granted, and this matter was heard on October 12, 2017, at 11:00 am. Doc. 65.

For the following reasons, the Motion for Summary Judgment [doc. 55] will be **GRANTED**, and the action **DISMISSED WITHOUT PREJUDICE** by accompanying judgment, each party to bear its own costs.

## I.
### BACKGROUND

Kern was employed at MWV[1] as a full-time lead process chemist at that company's facility in DeRidder, Louisiana, from August 2011 until October 2014. Doc. 55, atts. 3, 33. He received a

---

[1] Subsequent to Kern's termination, MWV became known as Ingevity.

poor performance review in December of 2013 and expressed his disagreement with same. Doc. 55, att. 7; doc. 55, att. 8, pp. 7, 11. In February 2014 plaintiff was diagnosed with shingles. *See* doc. 55, att. 10. Though he attempted to return to work on a few occasions, he largely remained on leave from February 21, 2014, onward. *Id.*; *see* doc. 55, atts. 12–14, 16; *see* doc. 74, att. 2, pp. 3–4; doc. 55, att. 33.

During this time Kern continued to express disagreement with his 2013 performance review to his manager and sent a request for assistance to the MWV ethics line on March 23, 2014. Doc. 55, atts. 15–17. On March 26, 2014, Kern sent another email to the MWV ethics line, stating that he "fear[ed] the worst" as he had heard nothing to date and that, as he was "a 59 year old male with ongoing medical issues," he had contacted the Equal Employment Opportunity Commission ("EEOC") for assistance. Doc. 55, att. 22. He completed an EEOC intake questionnaire that same date, alleging discrimination on the basis of age and disability based on his 2013 performance review and the resulting performance improvement plan. Doc. 55, att. 29. This questionnaire resulted in a discrimination charge ("2014 EEOC charge"), to which MWV responded. *See* doc. 55, atts. 30, 31. On July 15, 2014, the EEOC dismissed the charge and informed Kern of his right to file suit within ninety days. Doc. 55, att. 32.

On September 26, 2014, a human resources representative from MWV sent a letter to Kern, informing him that a recent medical release, allowing him to begin working part-time, was insufficient for his full-time position and pointing out that he would run out of his short-term leave allowance on October 10, 2014. Doc. 55, att. 33. Accordingly, she stated, his employment at MWV would end once his leave was exhausted. *Id.* On that same date, a termination request was processed by MWV, effective October 10, 2014. Doc. 74, att. 1, p. 29. In December 2014 Kern

applied for another position with the defendant but the position was never filled due to a reduction in force. Doc. 74, att. 2, p. 12; doc. 55, att. 23, pp. 19–20.

On March 2, 2015, Kern submitted another intake questionnaire to the EEOC, alleging retaliation for his 2014 EEOC charge and discrimination on the basis of age and disability. Doc. 55, att. 38. His case was recommended for closure after he failed to provide a required signature within the allotted time. Doc. 55, att. 40. The EEOC issued a dismissal and notice of suit rights on June 3, 2015. Doc. 55, att. 41. Kern filed suit in the 36th Judicial District, Beauregard Parish, Louisiana, on September 1, 2015, alleging that defendant had violated federal statutes forbidding retaliation, and discrimination on the basis of age and disability, as well as Louisiana statutes forbidding same. Doc. 1, att. 1, pp. 4–9. In relief he seeks compensatory and exemplary damages, as well as an award of attorney's fees. *Id.* at 8–9.

Defendant now moves for summary judgment on all claims, asserting that there is no genuine issue as to any material fact on Kern's claims of discrimination and retaliation and that the defendant is entitled to judgment as a matter of law and dismissal of this action at plaintiff's cost. Specifically, it maintains that Kern failed to exhaust the claims raised in the 2015 EEOC charge and that the claims raised in the 2014 EEOC charge have prescribed. Doc. 62. Should this court disagree on either front, defendant asserts that plaintiff does not show a right to relief on the merits. *Id.* Kern opposes the motion. Doc. 74.

**II.**
**SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially

responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

### III.
#### APPLICATION

The defendant contends that the claims raised in the 2015 EEOC intake questionnaire are subject to dismissal due to his failure to properly exhaust administrative remedies through a charge of discrimination. In his opposition to this motion, Kern concedes that all claims raised in his 2014 EEOC charge have prescribed. Doc. 74, pp. 1–2. As such, a finding in the defendant's favor on the exhaustion claim is dispositive for the case as a whole.

### A. Legal standards for exhaustion

#### 1. Federal claims

Private sector employees seeking relief on claims of employment discrimination under Title VII of the Civil Rights Act must exhaust their administrative remedies before filing suit by filing a charge of discrimination with the EEOC. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with the employer." *Id.* For an EEOC filing to be considered a properly filed charge of discrimination, it must have the name of the charged party, an allegation, and a request for remedial action. *See Stone v. La. Dep't of Revenue*, 996 F.Supp.2d 490, 502 (E.D. La. 2014) (citing *Fed. Express Corp. v. Holowecki*, 128 S.Ct. 1147, 1157–58 (2008)), *reversed in part on other grounds*, 590 Fed. App'x 332 (5th Cir. 2014) (unpublished). An intake questionnaire may be construed as a charge so long as it fulfills these requirements. *Crevier-Gerukos v. Eisai, Inc.*, 2012 WL 681723, *6–*9 (S.D. Tex. Feb. 29, 2012) (citing *Holowecki*, 128 S.Ct. at 1157–58).

This requirement extends to employees asserting claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq. Stith v. Perot Sys. Corp.*, 122 Fed. App'x 115, 118 (5th Cir. 2005); *Williamson v. American Nat. Ins. Co.*, 695 F.Supp.2d 431, 444–45 (S.D. Tex. 2010). Specifically, a plaintiff must file a claim with the EEOC within 180 days of the unlawful act (or within 300 days if filing with a state or local agency). *Williamson*, 695 F.Supp.2d at 445 (citations omitted). After the plaintiff receives a "right to sue" letter from the agency, he must file suit in the district court within ninety days. *Id.* For Title VII and ADA claims, "exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Garcia v. Penske Logistics, LLC*, 631 Fed. App'x 204, 207 (5th Cir. 2015) (citing *Taylor v. Books A*

*Million, Inc.*, 296 F.3d 376, 278–79 (5th Cir. 2002)) (alteration omitted). No right to sue notice is required under the ADEA, however, and such a claim is instead exhausted when the plaintiff files a timely charge and then waits sixty days, regardless of whether the agency takes any action. *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725–26 (5th Cir. 2002) (citing 29 U.S.C. § 626(d)).

    *2. State claims*

Kern also asserts claims under state antidiscrimination law. The Louisiana Employment Discrimination Law ("LEDL"), LA. REV. STAT. § 23:301 *et seq.*, requires a plaintiff who intends to pursue court action based on a claim of discrimination to provide the defendant with written notice of his claim at least thirty days before filing suit. LA. REV. STAT. § 23:303(C). Under this requirement, "both parties shall make a good faith effort to resolve the dispute prior to initiating court action." *Id.* Failure to comply with Section 303(C) renders the un-noticed claims subject to dismissal without prejudice. *See, e.g.*, *Dunn v. Nextel So. Corp.*, 207 F.Supp.2d 523, 524 (M.D. La. 2002); *Stubberfield v. Offshore*, 2016 WL 2855480, *2 (E.D. La. May 16, 2016). Filing a discrimination charge with the EEOC satisfies the notice requirement. *Johnson v. Hospital Corp. of America*, 767 F.Supp.2d 678, 700 (W.D. La. 2011).

**B.** *Application*

In this matter Kern appears to have completed the 2015 intake questionnaire himself but requested there that the EEOC "please communicate with attorney." Doc. 55, att. 38. There he provided his own contact information and, underneath it, the contact information for plaintiff's counsel in this matter (in the space provided for a secondary contact). *Id.* at 1. On April 21, 2015, the EEOC notified Kern that his intake questionnaire "[constituted] a charge of discrimination" and that he must therefore sign an enclosed form (EEOC Form 5, Charge of Discrimination) and return it to the agency within thirty days. Doc. 55, att. 39. This letter clearly explained that,

although Kern's employer had been given notice that a charge had been filed, no investigation would be initiated until Kern provided his signature. *Id.* It also provided that if Kern did not comply, the agency would be authorized to dismiss his charge and issue a right to sue letter. *Id.* Kern did not comply, and a recommendation for closure was issued within the EEOC. *See* doc. 55, att. 40. The EEOC then issued a dismissal and notice of suit rights. Doc. 55, att. 41.

Accordingly, the defendant alleges that the matter was not actually exhausted because the signature was not provided and no investigation ever took place. Kern, meanwhile, contends that the matter was exhausted based on the EEOC's issuance of a notice of suit rights.

The Seventh and Fourth Circuits have expressly rejected the imposition of a cooperation component to the exhaustion requirement under Title VII. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 709–12 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 1815, 1828 (2007); *Austin v. Winter*, 286 Fed. App'x 31, 37 (4th Cir. 2008). However, the Tenth Circuit holds that a plaintiff must make a good faith effort to cooperate with the EEOC in order to allow the agency to reach the merits of the charge. *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304 (10th Cir. 2005). The Fifth Circuit has not reached the issue for private sector employees proceeding through the EEOC, though it does recognize a duty of "good faith participation in the administrative process" in order for federal employees to satisfy the exhaustion requirement. *Fontenot v. Our Lady of Holy Cross College*, 2011 WL 4368836, *3 (E.D. La. Sep. 19, 2011) (citations omitted).

Mindful of the fact that the administrative review requirement, as originally set out in Title VII, "clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance," *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006), we conclude that it would violate the spirit and purpose of the exhaustion requirements under federal law for claims to be shuttled through administrative review while the

claimant's lack of cooperation prevents any meaningful attempt at conciliation between employer and employee. Thus Kern's unexcused lack of cooperation in the administrative process should render his claims unexhausted.

Kern's lack of good-faith cooperation also renders his state law claims unexhausted under the LEDL. Although that statute's exhaustion requirement is premised on "notice," and the EEOC did provide that it had alerted defendant to the charge, this provision also states that "both parties **shall** make a good faith effort to resolve the dispute prior to initiating court action." La. Rev. Stat. § 23:303(C). As stated above, a plaintiff's failure to comply with LEDL's notice provision renders his claim subject to dismissal. Kern's failure to provide a signature and allow the investigation to be opened by the EEOC was a plain violation of LEDL's pre-suit dispute resolution mandate. He has not shown any other attempts to engage in a good faith effort at dispute resolution with defendant prior to bringing this action. Accordingly, both his state and federal claims are unexhausted based on his lack of cooperation with regard to his 2015 EEOC filings.

## IV.
### CONCLUSION

Based on the above, the Motion for Summary Judgment [doc. 55] will be **GRANTED**, and the action **DISMISSED WITHOUT PREJUDICE** via accompanying judgment, each party to bear its own costs.

THUS DONE AND SIGNED in Chambers this 16th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE